1  GABRIELLE M. WIRTH (SBN 106492)
   wirth.gabrielle@dorsey.com
2  MELONIE S. JORDAN (SBN 331602)
   jordan.melonie@dorsey.com
3  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626
   Telephone: (714) 800-1400
5  Facsimile: (714) 800-1499

6  Attorneys for Defendant.
   SEMIOS USA, INC.
7

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12 | ERNESTO VENTURA, an individual | CASE NO:
13 |                 Plaintiff, | [Stanislaus Superior Court
14 |                            | Case No: CV-21-003592]
15 |        vs.                | **NOTICE OF REMOVAL OF**
16 |                            | **ACTION TO UNITED STATES**
17 | SEMIOS USA, INC., a Washington | **DISTRICT COURT (DIVERSITY)**
   | corporation registered to do business in | **[28 U.S.C. §§ 1332 AND 1441(B)]**
18 | California; and DOES 1 – 10, inclusive, |
19 |                 Defendants. | [Filed Concurrently With Civil Cover
   |                            | Sheet; Appendix of State Court
20 |                            | Pleadings; Declarations of Heather
   |                            | McKay and Gabrielle M. Wirth;
21 |                            | Corporate Disclosure Statement]
22 |                            | Complaint Filed: July 9, 2021
23 |                            | Trial Date:  Not Set
24

25 / / /

26 / / /

27 / / /

28

# TABLE OF CONTENTS

I.   PROCEDURAL BACKGROUND .................................................................. 1

II.  REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION .......... 2

    A.   Complete Diversity Exists ....................................................... 2

        i.   Citizenship of Plaintiff.................................................. 2

        ii.  Citizenship of Defendant .............................................. 3

        iii. The Doe Defendants ..................................................... 4

    B.   The Amount in Controversy Exceeds $75,000 ....................... 4

        i.   Plaintiff's Settlement Demand...................................... 5

        ii.  Compensatory Damages ............................................... 6

        iii. Penalties ....................................................................... 8

        iv.  Emotional Distress Damages..................................... 11

        v.   Punitive Damages ...................................................... 13

        vi.  Attorneys' Fees.......................................................... 15

III. DEFENDANT HAS SATISFIED ALL REQUIREMENTS TO REMOVE
THIS CASE ON DIVERSITY GROUNDS ................................................. 16

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT (DIVERSITY)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. J.B. Hunt Transp., Inc.*,
293 F. Supp. 3d 1140 (E.D. Cal. March 20, 2018) ........................8, 9, 10, 15, 16

*Babasa v. LensCrafters, Inc.*
498 F.3d 972 (9th Cir. 2007) ....................................................................................6

*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ...............................................................15

*Campbell v. Vitran Exp., Inc.*,
471 Fed. Appx. 646 (9th Cir. 2012) ......................................................................14

*Carter v. Fannie Mae*,
No. SACV 14-01754-CJC(JCGx), 2014 U.S. Dist. LEXIS 177040
(C.D. Cal. Dec. 23, 2014) .......................................................................................12

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) ...................................................................................6

*Cohn v. Petsmart, Inc.*,
281 F.3d 837 (9th Cir. 2002) ...................................................................................5

*Conrad Associates v. Hartford Accident & Indemnity Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998).......................................................................13

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S. Ct. 547 (2014) .............................................................................................16

*In re Ford Motor Co.*,
264 F.3d 952 (9th Cir. 2001) ...................................................................................7

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998)...............................................................................15

*Garcia v. Commonwealth Fin. Network*,
No. 20-cv-1483-BAS-LL, 2020 U.S. Dist. LEXIS 220533 (S.D.
Cal. Nov. 24, 2020) ................................................................................................16

*Gardenhire v. Housing Authority*,
85 Cal. App. 4th 236, 101 Cal. Rptr. 2d 893 (2000)............................................11

*Gibson v. Chrysler Corp.*,
     261 F.3d 927 (9th Cir. 2001) ............................................................................... 13

*Guglielmino v. McKee Foods Corp.*,
     506 F.3d 696 (9th Cir. 2007) ......................................................................... 4, 15

*Hertz Corp. v. Friend*,
     559 U.S. 77 (2010) ............................................................................................. 3

*HSBC Bank USA, NA v. Valencia*,
     No. 09-CV-1260-OWW-JLT, 2010 U.S. Dist. LEXIS 11489 (E.D.
     Cal. Feb. 10, 2010) ............................................................................................. 3

*Jackson v. Ceva Logistics*,
     2020 U.S. Dist. LEXIS 72727 (N.D. Cal. Apr. 24, 2020) .................................. 11

*Kanter v. Warner-Lambert Co.*,
     265 F.3d 853 (9th Cir. 2001) ............................................................................... 3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
     199 F.Supp.2d 993 (C.D. Cal. 2002) .................................................................. 14

*United States ex rel. Macias v. Pac. Health Corp.*,
     No. 2:12-cv-00960-RSWL-JC, 2016 U.S. Dist. LEXIS 140760
     (C.D. Cal. October 7, 2016) ............................................................................... 12

*Marlo v. United Parcel Service, Inc.*, 2012 ..................................................... 11, 14

*Maxwell v. Beverly Enterprises-California, Inc. d/b/a Beverly Manor
     Convalescent Hosp.*,
     JVR No. 176523 (Cal. Superior Court Nov. 1995) ............................................ 14

*McCabe v. General Foods Corp.*,
     811 F.2d 1336 (9th Cir. 1987) .............................................................................. 4

*Mejia v. Parker Hannifin Corp.*,
     No. CV 17-8477, 2018 U.S. Dist. LEXIS 13289 (C.D. Cal. Jan. 26,
     2018) .................................................................................................................. 15

*Richmond v. Allstate Ins. Co.*,
     897 F. Supp. 447 (S.D. Cal. 1995) ..................................................................... 13

*Rodriguez v. Home Depot, U.S.A., Inc.*,
     No. 16-cv-01945-JCS, 2016 U.S. Dist. LEXIS 94176 (N.D. Cal.
     July 19, 2016) .................................................................................................... 11

iii

*Saldana v. Home Depot USA, Inc.*,
  2016 U.S. Dist. LEXIS 80064 (E.D. Cal. June 20, 2016)..................................14

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) .................................................................4

*Sasso v. Noble Utah Long Beach, LLC*,
  No. CV 14-09154-AB .........................................................................15

*Simmons v. PCR Technology*,
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ......................................... 11, 15

*Stainbrook v. Target Corp.*,
  No. 2:16-CV-00090-ODW, 2016 U.S. Dist. LEXIS 74833 (C.D.
  Cal. June 8, 2016) ..............................................................................14

*Thomas v. Costco Wholesale Corp.*,
  No. SACV 13-0275-DOC, 2014 U.S. Dist. LEXIS 27527 (C.D.
  Cal. Mar. 3, 2014)..............................................................................13

*Thompson v. Big Lots Stores, Inc.*,
  No. 1:16-v-01464-LJO-JLT, 2017 U.S. Dist. LEXIS 20094 (E.D.
  Cal. Feb. 13, 2017) ...............................................................................7

*Tiffany v. O'Reilly Auto. Stores, Inc.*,
  No. CIV. S-13-0926 ..............................................................................4

*Tompkins v. Basic Research LLC*,
  No. CIV S-08-244 .................................................................................7

*Webb v. Ramos Oil Company*, 2012 .............................................. 12, 14

*Zuniga v. Chugach Maint. Servs.*,
  No. CV F 06-0048 AWI LJO, 2006 U.S. Dist. LEXIS 25068 (E.D.
  Cal. Mar. 24, 2006)............................................................................13

**Statutes**

28 U.S.C. § 84.........................................................................................17

28 U.S.C. § 1332......................................................................................2, 17

28 U.S.C. § 1332(a) ...................................................... 1, 3, 4, 5, 16

28 U.S.C. § 1332(a)(1) ............................................................................2, 4

28 U.S.C. § 1332(c)(1) ............................................................. 3

28 U.S.C. § 1391(a) ............................................................. 17

28 U.S.C. § 1441 ............................................................. 1

28 U.S.C. § 1441(a) ............................................................. 1, 17

28 U.S.C. § 1441(a)-(b) ............................................................. 2

28 U.S.C. § 1441(b)(1) ............................................................. 4

28 U.S.C. § 1446(b) ............................................................. 1, 17

28 U.S.C. § 1446(d) ............................................................. 17

California Business and Professions Code § 17203 ............................................................. 7

Cal. Lab. Code § 203(a) ............................................................. 10

Cal. Lab. Code § 210 ............................................................. 9

Cal. Lab. Code § 210(a) ............................................................. 9

Cal. Lab. Code § 218.5 ............................................................. 15

Cal. Lab. Code § 226(e) ............................................................. 9

Cal. Lab. Code § 226.7(b) ............................................................. 8

Cal. Lab. Code § 558(a) ............................................................. 10

Cal. Lab. Code e § 226(e)(1) ............................................................. 9

Cal. Lab. Code § 226.3 ............................................................. 9

Cal. Lab. Code § 226.7 ............................................................. 8

Cal. Lab. Code § 558 ............................................................. 10

Cal. Lab. Code § 1102.5 ............................................................. 11, 12, 13, 14, 15

Cal. Lab. Code § 1194 ............................................................. 15

Cal. Lab. Code § 6311 ............................................................. 14

Cal. Lab. Code § 6310 ............................................................. 11, 13, 14

v

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant SEMIOS USA, INC. ("Defendant" or "Semios") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) and removes this action from state court to federal court pursuant to 28 U.S.C. §§ 1441 and 1446(b). Removal is proper for the following reasons.

**I.      PROCEDURAL BACKGROUND**

1.      On July 9, 2021, Plaintiff Ernesto Ventura ("Plaintiff" or "Ventura") filed a civil action in the Superior Court of the State of California for the County of Stanislaus, entitled *Ernesto Ventura, an individual v. Semios USA, Inc., a Washington corporation registered to do business in California; and DOES 1 – 10, inclusive;* Case No. CV-21-003592 (the "Complaint" or "State Court Action"). *See* Declaration of Heather McKay ("McKay Decl."), ¶ 3 at Exhibit A

2.      On August 27, 2021, Ventura served Semios, a Washington corporation, with the Summons, Complaint, and Civil Case Cover Sheet. *See* McKay Decl., ¶ 3 at Exhibit t A. Service of process was effectuated on Defendant's agent, California Registered Agents, Inc., on August 27, 2021. McKay Decl., ¶ 3, at Exhibit B.

3.      The Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference constitute all of the pleadings, process, and orders served on Semios in the State Court Action.  True and correct copies of service of process are attached to the concurrently-filed Appendix of State Court Pleadings and Documents ("Appendix"). The Notice of Case Management Conference has not been served in this matter.

4.      The gravamen of the Complaint is that Plaintiff was allegedly not compensated for hours worked and for overtime wages, was not permitted to take meal or rest periods, was not indemnified for necessary expenditures he incurred, and was retaliated against and terminated for complaining about interrupted and

missed breaks and reporting health and safety concerns. Plaintiff seeks compensatory damages, including "the loss of wages, salary, benefits, and/or additional amounts of money [Ventura] would have received but for Defendants' retaliatory actions," "the intangible loss of such employment-related opportunities," emotional distress damages, punitive damages, penalties, interest, injunctive relief, as well as attorney's fees and costs of suit. *See* Complaint, ¶¶ 64, 67, 69, Prayer.

5.     The Complaint asserts ten causes of action: (1) Failure to Pay Wages; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Provide Properly Itemized Wage Statements; (5) Failure to Timely Pay Wages; (6) Unlawful and Unfair Business Acts and Practices; (7) Failure to Properly Pay Wages; (8) Failure to Pay Wages Upon Separation of Employment; (9) Failure to Indemnify; (10) Retaliation and Wrongful Termination. *See* Complaint.

6.     Semios served and filed an Answer to the Complaint on September 24, 2021. McKay Decl. at ¶ 3, at Exhibit C. A true and correct copy of the Answer is attached to the concurrently-filed Appendix.

## II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

7.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

8.     A federal district court shall have original jurisdiction over a civil action in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. Complete Diversity Exists

9.     Complete diversity exists between Ventura and Semios.

#### i.     Citizenship of Plaintiff

10.     Ventura's Complaint fails to identify his citizenship and indicates

only that alleged "unlawful employment practices complained of herein occurred throughout the State of California including in (but not limited to) Stanislaus County." Complaint, ¶ 1. However, Plaintiff's domicile is in Stanislaus County, California, which is the address he maintained in his dealings with Semios. McKay Decl. at ¶ 9. Plaintiff does not allege an alternative state of citizenship. Accordingly, Plaintiff is a citizen of California for purposes of determining diversity. *See* 28 U.S.C. § 1332(a); *see also HSBC Bank USA, NA v. Valencia*, No. 09-CV-1260-OWW-JLT, 2010 U.S. Dist. LEXIS 11489, *6 (E.D. Cal. Feb. 10, 2010) ("The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal.") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

### ii.  Citizenship of Defendant

11.     Ventura's Complaint fails to identify Defendant's citizenship and indicates only in the case caption that Semios is a Washington corporation. However, a corporation is a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (adopting "nerve center" test for establishing principal place of business and recognizing that "in practice, it should normally be the place where the corporation maintains its headquarters").

12.     Defendant is incorporated in Washington. *See* McKay Decl. ¶ 5. Defendant has its corporate headquarters and principal place of business in Vancouver, British Columbia, Canada, where its officers direct, control, and coordinate the corporation's activities. *See* McKay Decl. ¶¶ 5-6. Therefore, Defendant is a citizen of both Washington and British Columbia, Canada principal for diversity purposes. *See* U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92-93.

### iii.  The Doe Defendants

13.    Defendant is not aware that any other Doe Defendants have been served with a copy of the Summons and Complaint or that any have been named as a party to the State Court Action. *See* McKay Decl. ¶ 4. In any event, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

14.    Complete diversity therefore exists between Ventura and Semios. *See* 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Exceeds $75,000

15.    Ventura's Complaint does not specify the amount of damages and only indicates that the "amount in controversy herein, exclusive of interest, attorneys' fees, and costs, exceeds $25,000.00." Complaint, ¶ 6. However, Plaintiff alleges that he has suffered "special damages that include, without limitation, the loss of wages, salary, benefits, and/or additional amounts of money [Ventura] would have received," "the intangible loss of such employment-related opportunities," general damages, compensatory damages, liquidated damages, interest, statutory penalties, "damages regarding wages due and owing," attorneys' fees, costs of suit, injunctive relief, and punitive damages. *See id.*, ¶¶ 64, 69, Prayer. Ventura also alleges that he "suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damages according to proof." *Id.* at ¶ 67.

16.    Where, like here, a complaint filed in state court is unclear as to the amount in controversy, a removing party need only show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)); *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926 LKK/KJN, 2013 U.S. Dist. LEXIS 130082, *7 (E.D. Cal. Sep. 10,

2013).  Although Plaintiff did not specify the amount in controversy in his Complaint, the allegations of the Complaint (although contested by Defendant) together with the relief sought by Plaintiff demonstrate it is more likely than not that the amount in controversy sought by this Complaint exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a). This is based on the following:[1]

### i.   Plaintiff's Settlement Demand

Plaintiff made a settlement demand well in excess of the $75,000 removal threshold.  Prior to filing the Complaint, Plaintiff's counsel sent Defendant's counsel a demand letter dated December 23, 2020.  McKay Decl. ¶ 10, Exhibit D. Plaintiff's letter includes the following:

> "In order to settle Mr. Ventura's claims and avoid alternative methods of resolution that are often expensive and lengthy, our client is willing to settle all claims at this for a total of **$175,000**."

*See* McKay Decl. ¶ 10, Exhibit D (*emphasis in original*).

If it appears to reflect a reasonable estimate of the plaintiff's claim, a settlement demand letter is relevant evidence of the amount in controversy.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (relying upon a settlement demand letter found to reflect a reasonable estimate of plaintiff's damages to conclude that requisite amount was in controversy).  While Defendant believes there is no liability such that Plaintiff will not be entitled to any of his claimed damages, Plaintiff's estimate of damages in a settlement demand, "even if imprecise," may still indicate that the amount in controversy exceeds the jurisdictional minimum if sufficiently supported by injuries claimed in the

---

[1] Because Plaintiff fails to indicate the necessary expenditures and losses he allegedly incurred while discharging his duties, Semios contends that the amount in controversy is satisfied even excepting the alleged reimbursement Plaintiff claims under his Failure to Indemnify claim.  *See* Complaint, ¶¶55-57.

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT (DIVERSITY)

1    complaint.  *Babasa v. LensCrafters, Inc.* 498 F.3d 972, 975 (9th Cir. 2007).

2    Based on Plaintiff's own calculation, the amount in controversy is
3    substantially more than the jurisdictional minimum.

### ii.  Compensatory Damages

5    17.    Although Plaintiff brings claims for compensatory damages under two
6    causes of action, Defendant contends that Plaintiff's Retaliation and Wrongful
7    Termination alone would more than satisfy the jurisdictional amount.[2]

8    18.    Plaintiff claims compensatory damages under his Retaliation and
9    Wrongful Termination claim, alleging that he is entitled to be compensated for "the
10   loss of wages, salary, benefits, and/or additional amounts of money [Ventura]
11   would have received but for" the alleged retaliatory action and "the intangible loss
12   of such employment-related opportunities as, including without limitation,
13   experience in the position they held and advancement opportunities." Complaint, ¶
14   64. The Ninth Circuit has clarified that for purposes of determining the amount in
15   controversy, "[i]f a plaintiff claims at the time of removal that her termination
16   caused her to lose future wages, and if the law entitles her to recoup those wages if
17   she prevails, then there is no question that future wages are 'at stake' in the
18   litigation, whatever the likelihood that she will actually recover them." *Chavez v.*
19   *JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).  Accordingly, where
20   the complaint at the time of removal claims wrongful termination resulting in lost
21   future wages, those future wages are included in the amount in controversy.  *Id.* at
22   418

23   19.    For purposes of considering Plaintiff's alleged damages in these
24   respects, Plaintiff's hourly rate of pay was $21.25 at the time of his termination,

25

26   _____
27   [2] Because Plaintiff fails to indicate how many hours of overtime he is seeking,
     Semios contends that the amount in controversy is satisfied even excepting the
28   alleged compensatory damages Plaintiff claims under his Failure to Pay Wages
     claim. *See* Complaint, ¶¶11-16.

and, as a full time employee, he regularly worked 40 hours per week (excluding any overtime), therefore earning $850.00 per week. *See* McKay Decl. ¶ 9, at Exhibit D. A conservative estimate of Plaintiff's alleged damages considers the amount of alleged lost wages until the trial date. *See Thompson v. Big Lots Stores, Inc.*, No. 1:16-v-01464-LJO-JLT, 2017 U.S. Dist. LEXIS 20094, *9-10 (E.D. Cal. Feb. 13, 2017) ("Courts in this district have likewise projected lost wages through trial to determine whether the jurisdictional amount in controversy has been met."). Defendant's records reflect that the last date Plaintiff performed work for Semios was August 4, 2020. *Id*. Based on the conservative estimate of a trial date one year from the date the Complaint was filed on July 9, 2021, there are 100 weeks from the alleged wrongful termination on August 4, 2020 to a trial date of July 11, 2022. At Plaintiff's hourly rate of pay, his alleged lost wages over 100 weeks totals $85,000.[3] This amount alone is sufficient to meet the jurisdictional minimum.

---

[3] Plaintiff brings a claim under California Business and Professions Code § 17203, seeking an order forcing Semios to "disgorge all ill-gotten gains and awarding Plaintiff full restitution of all monies wrongfully acquired and obtained" and "equitable and/or injunctive relief in the form of requiring Defendants to correct its illegal conduct, provide overtime compensation, provide required meal and rest periods or premium wages in lieu thereof, to provide properly itemized wage statements, to keep accurate records of time worked, and to insure the payment of earned wages henceforth." *See* Complaint, ¶¶ 42-43. The amount in controversy includes either the defendant's cost of compliance with an injunction or the plaintiff's benefit from the injunction. *In re Ford Motor Co.*, 264 F.3d 952 (9th Cir. 2001). Under the "either viewpoint" rule, whichever party stands to gain or lose a greater amount is the one whose viewpoint is taken into account for jurisdictional purposes. *See id.* at 958 ("In other words, where the value of a plaintiff's potential recovery (in this case, a maximum of $ 3,500) is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes."); *see also Tompkins v. Basic Research LLC*, No. CIV S-08-244 LKK/DAD, 2008 U.S. Dist. LEXIS 81411, *12 (E.D. Cal. Apr. 22, 2008). Here, Defendant believes the cost of complying with the injunction would not exceed Plaintiff's potential recovery.

### iii.  Penalties

20.     Plaintiff seeks various penalties under the Labor Code. *See* Complaint, Prayer for Relief.

21.     First, under his Failure to Provide Meal Periods and Failure to Provide Rest Periods claims, Plaintiff alleges that Semios failed to provide meal and rest periods in violation of California Labor Code § 226.7. *See* Complaint, ¶¶ 19-24. The statutory penalty for meal and rest period violations is one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided. Cal. Lab. Code § 226.7(b). There is reasonable support in the Complaint that Plaintiff put $6,601.50 in controversy for meal and rest periods. As to meal periods, Plaintiff alleges that Semios "failed to allow Plaintiff to take 30-minute meal periods … for *every* five hours worked." Complaint, ¶ 19. As to rest periods, Plaintiff alleges that he should have been afforded 10-minute breaks, he "regularly worked four-hour shifts or longer without receiving the required 10-minute breaks," and that Semios "denied him such breaks and... [was] aware that rest periods were being denied to Plaintiff." *Id.* at ¶ 23. Because Plaintiff was paid $21.00 per hour from the date of hire through approximately July 11, 2020 (approximately 142 days) and $21.25 per hour from approximately July 12, 2020 through his August 4, 2020 termination (approximately 15 days), Plaintiff worked approximately 157 days at Semios, and Plaintiff alleges that he regularly did not receive meal or rest periods, it is reasonable for Defendant to estimate that Plaintiff missed one meal period and rest period every day he worked, totaling $6,601.50. *See Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1145 (E.D. Cal. March 20, 2018) (J. W.B.S.) (finding that "defendant's estimate that plaintiff missed one meal period and rest period every day is reasonable and supported by the Complaint."); *see* McKay Decl. ¶ 9.

22.     Second, under his Failure to Provide Properly Itemized Wage Statements claim, Plaintiff alleges that Semios is liable for penalties not exceeding

$4,000.00 under California Labor Code § 226(e)(1). *See* Complaint, ¶ 27. The statutory penalty for wage statement violations is $50 for the first pay period and $100 for each subsequent pay period, up to a total maximum penalty of $4,000. Cal. Lab. Code § 226(e). Plaintiff also alleges that Semios is liable for civil penalties under California Labor Code § 226.3. *See* Complaint, ¶¶ 28-30. The statutory civil penalties are $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation. Cal. Lab. Code § 226.3. There is reasonable support in the Complaint that Plaintiff put $4,000 in controversy for wage statement penalties and $14,250 in controversy for civil penalties. Plaintiff alleges that "[w]age statements provided … to Plaintiff were not accurate," which appears to indicate that the alleged violations occurred throughout his employment. *See* Complaint, ¶ 29. Because Semios paid Plaintiff biweekly, if Plaintiff was issued 15 wage statements that allegedly violated § 226(a), then the statutory maximum penalty of $4,000 would be reached. *See Adkins*, 293 F. Supp. 3d at 1146; *see* McKay Decl., ¶ 9. Likewise, if Plaintiff was paid 15 times that allegedly violated § 226(a), then the civil penalties would total $14,250.

23.    Third, under his Failure to Timely Pay Wages claim, Plaintiff alleges that Semios is liable for penalties for allegedly not paying Plaintiff on pre-determined paydays for all labor he performed under California Labor Code § 210. *See* Complaint, ¶¶ 33-34. The statutory penalty for failure to pay violations is $100 for the initial failure to pay an employee, and $200 for each subsequent violation or any willful or intentional violation, plus 25 percent of the amount withheld.  Cal. Lab. Code § 210(a). There is reasonable support in the Complaint that Plaintiff put $2,900 in controversy for failure to pay penalties. Because Semios paid Plaintiff biweekly, if there 15 pay periods that allegedly violated § 204(a), then the statutory penalty of $2,900 would be reached, plus 25 percent of the amount allegedly withheld.

24.    Fourth, under his Failure to Properly Pay Wages claim, Plaintiff

alleges that Semios is liable for penalties for allegedly underpaying him under California Labor Code § 558. *See* Complaint, ¶¶44-46. The statutory penalty for underpayment is initially $50 for each underpaid employee for each pay period the employee was underpaid, in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation for each underpaid employee for each pay period the employee was underpaid, in addition to an amount sufficient to recover underpaid wages. Cal. Lab. Code § 558(a). There is reasonable support in the Complaint that Plaintiff put $1,450 in controversy for underpayment penalties. Plaintiff alleges that "[d]uring and throughout the course of Plaintiff's employment, Plaintiff worked for hours in which [Plaintiff] was received no compensation" and he "worked in excess of eight hours in a day," which appears to indicate that the alleged violations occurred throughout his employment. *See* Complaint, ¶ 11. Because Semios paid Plaintiff biweekly, if there are 15 pay periods that allegedly violated § 558(a), then the statutory penalty of $1,450 would be reached. *See* McKay Decl., ¶ 9.

25.     Fifth, under his Failure to Pay Wages Upon Separation of Employment claim, Plaintiff alleges that Semios is liable for penalties for not paying Plaintiff all wages earned at the time of his termination. *See* Complaint, ¶¶ 51-54. For employers who willfully fail to pay wages to an employee who is discharged or quits, the wages shall continue as a penalty of no more than 30 days' pay. *See* Cal. Lab. Code § 203(a). There is reasonable support in the Complaint that Plaintiff put $5,100 in controversy for waiting time penalties. Plaintiff alleges that Semios "knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked" and that he has not been paid all earned wages to date.   *See* Complaint, ¶¶ 52-53. Because Plaintiff was terminated on August 4, 2020, and alleges that he was not paid all wages due to him at the time of his termination, it is reasonable for Semios to assert the statutory maximum of 30 days' pay, or $5,100. *See Adkins*, 293 F. Supp. 3d at 1146; *see*

McKay Decl., ¶ 9.

26. Accordingly, the claimed penalties may total $34,301.50, which provides additional support that the jurisdictional amount is more than satisfied when combined with the other measures of damages sought.

#### iv. Emotional Distress Damages

27. Under his Retaliation and Wrongful Termination claim brought under California Labor Code §§ 1102.5 and 6310, Plaintiff seeks an unspecified amount of damages according to proof for "humiliation, emotional distress, and mental and physical pain and anguish" he allegedly suffered after he allegedly raised complaints of illegality pertaining to interrupted and missed breaks and for reporting health and safety concerns. *See* Compl. at ¶ 67; *Gardenhire v. Housing Authority*, 85 Cal. App. 4th 236, 237, 240-41, 101 Cal. Rptr. 2d 893 (2000) (emotional distress damages recoverable under Section 1102.5(b)); *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-cv-01945-JCS, 2016 U.S. Dist. LEXIS 94176, *1 (N.D. Cal. July 19, 2016) (emotional distress damages analyzed as alleged under wrongful termination claim). Emotional distress damages can be considered when calculating the amount in controversy, even when the amount is vague in the pleadings. *See Jackson v. Ceva Logistics*, 2020 U.S. Dist. LEXIS 72727, *25 (N.D. Cal. Apr. 24, 2020); *Rodriguez.*, 2016 U.S. Dist. LEXIS 94176, *13.

28. A defendant may introduce evidence of jury verdicts in cases involving analogous facts to establish probable emotional distress damages. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). The facts of such case need not be "perfectly analogous," however, to meet the "more-likely-than-not standard." *See id.* For example, in *Marlo v. United Parcel Service, Inc.*, 2012 Jury Verdicts LEXIS 18830 (C.D. Cal. Aug. 24, 2020), the plaintiff alleged that he was wrongfully terminated and retaliated against in an effort to prevent him from testifying at an Occupational Safety and Health Administration hearing and in retaliation for his participation in a class action, and the jury awarded

$384,000 in non-economic losses, where the plaintiff sought emotional distress damages under his wrongful termination and retaliation claims. In *Webb v. Ramos Oil Company*, 2012 Jury Verdicts LEXIS 50 (Cal Super. July 12, 2012), the plaintiff alleged that he was wrongfully terminated after he was required to drive hazardous materials in a severe storm and was told to return to work after his shift even though he informed the employer he drank alcohol after work, and the jury awarded $2,500,000 in noneconomic damages for past and future mental suffering.[4]

29.     In this case, Ventura alleges that he is entitled to emotional distress damages after he was allegedly wrongfully terminated and allegedly retaliated against after working at Semios. *See* Complaint, ¶¶ 63, 66. It is facially apparent from the Complaint that the amount in controversy requirement will be satisfied in this matter. *See Carter v. Fannie Mae*, No. SACV 14-01754-CJC(JCGx), 2014 U.S. Dist. LEXIS 177040, at *2 (C.D. Cal. Dec. 23, 2014) (remanding case on the grounds that the defendant should have been able to determine from the initial complaint that the amount in controversy exceeded $75,000, because the complaint alleged claims for wrongful termination and sought, among other damages, emotional distress damages). Further, in one matter, a California federal court awarded $35,000 in emotional distress damages to a plaintiff as part of a default judgment, where the plaintiff alleged facts to support a wrongful termination and retaliation claim under Section 1102.5 claim after having worked several years at the employer. *See United States ex rel. Macias v. Pac. Health Corp.*, No. 2:12-cv-00960-RSWL-JC, 2016 U.S. Dist. LEXIS 140760, *19 (C.D. Cal. October 7, 2016).

30.     Accordingly, a significant emotional distress damages award is likely should Plaintiff succeed in proving the allegations of his Complaint. Because of the length of Ventura's employment and the underlying facts as alleged, a conservative

---

[4] Each of these summaries of jury verdicts are attached to the Declaration of Gabrielle Wirth filed herewith.

measure of Plaintiff's claimed emotional distress damages is **$15,000**. The emotional distress damage Plaintiff seeks provide additional support that the jurisdictional amount is more than satisfied when combined with the other measures of damages sought.

### v.  Punitive Damages

31.    Plaintiff alleges that he is entitled to punitive damages against Semios because the alleged acts "were carried out … in a malicious, willful and oppressive manner" and the alleged "misconduct was committed intentionally, in a malicious, fraudulent, despicable, and oppressive manner." Complaint, ¶¶ 66, 69, and Prayer for Relief. Punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). In California, punitive damages are available for wrongful termination claims arising under California Labor Code § 1102.5 and appear to be available under California Labor Code § 6310. *See Thomas v. Costco Wholesale Corp.*, No. SACV 13-0275-DOC (JPRx), 2014 U.S. Dist. LEXIS 27527, *26 (C.D. Cal. Mar. 3, 2014) ("Punitive damages are available for both [the plaintiff's] common claim for wrongful termination in violation of public policy and his claim for violation of [Section 1102.5]."); see *Zuniga v. Chugach Maint. Servs.*, No. CV F 06-0048 AWI LJO, 2006 U.S. Dist. LEXIS 25068, *27 (E.D. Cal. Mar. 24, 2006) ("A wrongful termination action under California Labor Code § 6310 is not limited to statutorily-identified remedies. … Based on this authority, Defendants' motion to strike Plaintiffs' request for punitive damages must be denied. There is a set of 'acts that could be proved consistent with the allegations of the complaint' that could entitle Plaintiffs to punitive damages.").

32.    Defendant strongly maintains that the facts here will ultimately

demonstrate that Plaintiff is not entitled to punitive damages; however, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc*., 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). For purposes of assessing the amount in controversy, Plaintiff "could receive punitive and emotional distress damages that, standing alone, could meet the $75,000 jurisdictional minimum." *See Stainbrook v. Target Corp.,* No. 2:16-CV-00090-ODW, 2016 U.S. Dist. LEXIS 74833, at *12 (C.D. Cal. June 8, 2016) (accepting that "punitive damages are often calculated as a multiplier of compensatory damages.")

33.    If each of the facts of his Retaliation and Wrongful Termination claim as alleged by Plaintiff are taken to be true, a substantial punitive damages award is more likely than not. *See, e.g*., *Maxwell v. Beverly Enterprises-California, Inc. d/b/a Beverly Manor Convalescent Hosp.*, JVR No. 176523 (Cal. Superior Court Nov. 1995) (jury awarded $1.55 million in punitive damages, later reduced by judge to approximately $430,000); *Webb v. Ramos Oil Company*, 2012 Jury Verdicts LEXIS 50 (Cal. Superior Court July 12, 2012) (awarding $3,577,803 in punitive damages on claims for wrongful termination in violation of public policy and violations of California Labor Code §§ 1102.5, 6310, and 6311).; *Marlo v. United Parcel Service, Inc.*, 2012 Jury Verdicts LEXIS 18830 (C.D. Cal. Aug. 24, 2012) (awarding $15,987,053 in punitive damages, later reduced by judge to $6,604,275.l [5, 6]

---

[5] The fact that the cited cases involve distinguishable facts is not dispositive. *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, *9 (E.D. Cal. June 20, 2016). Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in single plaintiff wage and hour cases. Although the facts of the instant action are far less egregious, Defendant has met its burden of showing by a preponderance of the evidence that

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT (DIVERSITY)

34.     Accordingly, a significant punitive damages award is likely should Plaintiff succeed in proving the allegations of his Complaint. *See Mejia v. Parker Hannifin Corp*., No. CV 17-8477, 2018 U.S. Dist. LEXIS 13289, at *12 (C.D. Cal. Jan. 26, 2018) (explaining the court "need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on his Complaint").

### vi.  Attorneys' Fees

35.     Plaintiff seeks attorneys' fees pursuant to California Labor Code §§ 218.5, 1102.5, and 1194, which authorize attorneys' fees. *See* Complaint ¶¶ 16, 27, 54, 57, 70, and Prayer for Relief. If attorneys' fees are recoverable by statute, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).  The measure of attorneys' fees "should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v*, 209 F. Supp. 2d at 1035. "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience," *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), but should be conservative estimates, *see Guglielmino*, 506 F.3d 696, 699. "Courts have 'held that a reasonable rate for employment cases is $300 per hour' and '100 hours is an appropriate and conservative estimate' of the number of hours expended through trial for an employment action." *Adkins*, 293 F. Supp. 3d at 1148 (quoting *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB

---

the amount in controversy should include a punitive damages award." *Simmons*, 209 F. Supp. 2d at 1034-35 (emphasis added).  Defendant maintains here that the facts will ultimately demonstrate that Plaintiff is not entitled to punitive damages; however, the potential for large punitive damages should be considered in calculating the amount in controversy.

[6] Each of these summaries of jury verdicts are attached to the Declaration of Gabrielle Wirth filed herewith.

AJWX, 2015 U.S. Dist. LEXIS 25921, *6 (C.D. Cal. Mar. 3, 2015) (collecting cases)). In *Adkins*, this Court, applied 100 billable hours at an hourly rate of $300 as a basis for reasonable and conservative estimate of the attorney's fees in an employment litigation involving claims of wage and hour violations and wrongful termination. *See Adkins*, 293 F. Supp. 3d at 1148.

36.     Therefore, $30,000 (based on 100 hours at $300 per hour) is an "appropriate and conservative estimate" for recoverable attorneys' fees. *Id.*; *Garcia v. Commonwealth Fin. Network*, No. 20-cv-1483-BAS-LL, 2020 U.S. Dist. LEXIS 220533, *21 (S.D. Cal. Nov. 24, 2020) ("Based on the Court's experience in similar cases, the Court finds that $30,000, or 100 hours of attorney's time multiplied by a billing rate of $300 per hour, is a reasonable and conservative estimate to litigate [Plaintiff's] wage and hour claims through trial.").

37.     Accordingly, a conservative estimate of Plaintiff's claimed attorneys' fee award is **$30,000**.

## III.     DEFENDANT HAS SATISFIED ALL REQUIREMENTS TO REMOVE THIS CASE ON DIVERSITY GROUNDS

38.     Defendant vigorously denies each and every one of Plaintiff's claims and factual allegations; however, the damages that Plaintiff seeks in his Complaint makes clear that the amount in controversy that Plaintiff seeks is far greater than $75,000, an amount at least $164,301.50. Therefore, Defendant has demonstrated it is more likely than not that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

39.     Plaintiff is a citizen of California; Semios is a citizen of Washington and British Columbia, Canada. Accordingly, complete diversity exists under 28 U.S.C. § 1332(a).

40.     Because complete diversity exists between Plaintiff and Defendant,

and because the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a), Defendant may remove this action to this Court.

41.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Here, the Complaint was filed on July 9, 2021.  It was served on Defendant on August 27, 2021, thus, the deadline to file the instant Notice of Removal is September 27, 2021.  McKay Decl. ¶ 3, at Exhibits A, B.

42.   Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) and § 1391(a) because the State Court Action was filed within this District and this is the judicial district in which the action arose.  *See* 28 U.S.C. § 84.

43.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California for the County of Stanislaus.  The proof of service of this Notice of Removal to all adverse parties will be filed with this Court.

44.   By this Notice of Removal, Defendant does not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

DATED: September 27, 2021                    DORSEY & WHITNEY LLP


                                             By  */s/ Gabrielle M. Wirth*
                                             Gabrielle M. Wirth
                                             Melonie S. Jordan
                                             *Attorneys for Defendant*
                                             SEMIOS USA, INC.

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT (DIVERSITY)

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On September 27, 2021, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:  **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY) [28 U.S.C. §§ 1332 AND 1441(B)]**

SERVED UPON:

Rory K. Pendergast
The Pendergast Law Firm, PC
3019 Polk Avenue
San Diego, CA 92104
Telephone: (619) 344-8699
Facsimile: (619) 344-8701
rory@rorylaw.com

Ross I. Quient
The Law Offices of Ross Quient
19528 Ventura Boulevard, Suite 791
Tarzana, CA 91356
Telephone (949) 338-8869
rquientesq@gmail.com

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by **LS Attorney Services LLC** to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on September 27, 2021, at Costa Mesa, California.

_____
Kim Massure-Rayson

4826-9383-5770\