1  GABRIELLE M. WIRTH (SBN 106492)
   wirth.gabrielle@dorsey.com
2  MELONIE S. JORDAN (SBN 331602)
   jordan.melonie@dorsey.com
3  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626
   Telephone:  (714) 800-1400
5  Facsimile:  (714) 800-1499

6  Attorneys for Defendant.
   SEMIOS USA, INC.
7

8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

| 12  ERNESTO VENTURA, an individual | CASE NO: |
|---|---|
| 13                        Plaintiff, | [Stanislaus Superior Court Case No: CV-21-003592] |
| 14 | |
| 15        vs. | |
| 16 | |
| 17  SEMIOS USA, INC., a Washington corporation registered to do business in California; and DOES 1 – 10, inclusive, | **APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS** |
| 18 | [Filed Concurrently With Civil Cover Sheet; Notice of Removal; Corporate Disclosure Statement and Declarations of Heather McKay and Gabrielle M. Wirth] |
| 19                        Defendants. | |
| 20 | |
| 21 | Complaint Filed: July 9, 2021 |
| 22 | Trial Date:  Not Set |
| 23 | |
| 24 | |

25  / / /

26  / / /

27  / / /

28

---

APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Attached hereto is the appendix of state court pleadings and documents filed concurrently with the Notice of Removal of Action to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1332 and 1441(b) (Diversity), filed by Defendant SEMIOS USA, INC.

| Exhibit No. | Description |
|---|---|
| A | Summons; Complaint; Civil Case Cover Sheet (served August 27, 2021); Notice of Case Management Conference (not served). |
| B | Proof of Service filed on September 9, 2021. |
| C | Answer filed on September 24, 2021. |

DATED: September 27, 2021      DORSEY & WHITNEY LLP


By */s/ Gabrielle M. Wirth*
Gabrielle M. Wirth
Melonie S. Jordan
*Attorneys for Defendant*
SEMIOS USA, INC.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Semios USA, Inc., a Washington corporation registered to do business in California; and DOES 1-10, inclusive<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>  Ernesto Ventura, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically Filed<br>7/9/2021 4:38 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Carly Bonzi, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Stanislaus<br>*(El nombre y dirección de la corte es):* 801 10th Street<br>Modesto, CA 95354 | CASE NUMBER: *(Número del Caso):*<br>CV-21-003592 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rory K. Pendergast The Pendergast Law Firm, PC 3019 Polk Avenue, San Diego, CA 92104

| DATE:<br>*(Fecha)*   7/9/2021 4:38 PM | Clerk, by<br>*(Secretario)*   *Carly Bonzi* | , Deputy<br>*(Adjunto)*<br>Carly Bonzi |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SEMIOS USA, INC., a Washington corporation registered to do business in California

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]  [ Save this form ]   [ Clear this form ]

**EXHIBIT A PAGE 3**

1   Rory K. Pendergast (SBN 266765)
    The Pendergast Law Firm, PC
2   3019 Polk Avenue
    San Diego, CA  92104
3   Tel/Fax:       619-344-8699/619-344-8701

4
    Ross I. Quient (SBN 304915)
5   The Law Offices of Ross Quient
    19528 Ventura Boulevard, #791
6   Tarzana, CA  91356
    Telephone:     949-338-8869
7

8   Attorneys for Plaintiff Ernesto Ventura

Electronically Filed
7/9/2021 4:38 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

$435 PD

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **IN AND FOR THE COUNTY OF STANISLAUS**

11

12   ERNESTO VENTURA, an individual;           )   Case No.: CV-21-003592
                                                )
13          Plaintiff,                          )   **COMPLAINT FOR DAMAGES**
                                                )
14   v.                                         )   1. FAILURE TO PAY WAGES (Labor Code § §
                                                )   204, 210, 510 1194);
15   SEMIOS USA, INC., a Washington             )   2. FAILURE TO PROVIDE MEAL PERIODS;
     corporation registered to do business in   )   3. FAILURE TO PROVIDE REST PERIODS;
16   California; and DOES 1 – 10, inclusive;    )   4. FAILURE TO PROVIDE ACCURATE PAY-
                                                )   STUBS;
17                                              )   5. FAILURE TO TIMELY PAY WAGES;
            Defendants.                         )   6. UNFAIR BUSINESS PRACTICES;
18                                              )   7. LABOR CODE § 558 VIOLATIONS;
                                                )   8. FAILURE TO PAY WAGES UPON
19                                              )   SEPARATION;
                                                )   9. FAILURE TO IDEMNIFY (Labor Code §
20                                              )   2802);
                                                )   10. RETALIATION AND WRONGFUL
21                                              )   TERMINATION (Labor Code §§ 1102.5, 6310)
                                                )
22                                              )
                                                )
23                                              )
                                                )
24                                              )
                                                )   This case has been assigned to Judge Sandhu, Sonny S.
25                                              )   Dept. 24
                                                )   Department ____ for all purposes including Trial.
26   _____ )

27          Plaintiff Ernesto Ventura alleges:

28                              **PARTIES & JURISDICTION**

            1.      Defendant Semios USA, Inc. ("Semios") is a Washington corporation, registered to do

     business in California, California Secretary of State Number C4543894, and does business throughout the

                                      -1-
                                   COMPLAINT

**EXHIBIT A PAGE 4**

State of California including in (but not limited to) the County of Stanislaus.  The unlawful employment practices complained of herein occurred throughout the State of California including in (but not limited to) Stanislaus County.

2.       Defendants DOES 1-10, inclusive, at all relevant times mentioned, were either business entities of unknown form doing business in the State of California and in the County of Sacramento, and were affiliates, parents, subsidiaries, joint venturers, partners, members, fictitious business names, or were otherwise affiliated with Defendants or alternatively were individuals residing in the County of Sacramento, State of California, and were employees, supervisors, officers, directors, owners, and/or managing agents of the named defendants.  Plaintiff is unaware of the true names of these defendants and therefore sues them by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages as alleged herein were caused by the aforementioned defendants

3.       Plaintiff is informed and believes and based thereon alleges that each of the Defendants named herein was, at all times relevant to this action, the agent, employee, representative, partner, managing member, joint employer, or joint venturer of the remaining Defendants and was acting in the course and scope of that relationship.  Plaintiff is further informed and believes, and based thereon alleges, that each of the Defendants named herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

4.       Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein there existed a unity and identity of interest and ownership between all Defendants, such that any individuality and separateness between them have ceased.  Each of the defendants is the alter ego of the other in that, *inter alia,* each is or was composed of the same or practically the same principals, the assets of the entities have been transferred and combined between the entities, and they carry on the same business.

5.       Plaintiff is also informed and believes and based thereon alleges that adherence to the fiction of the separate existence of the defendants as distinct from one another would permit an abuse of the corporate privilege and would promote injustice in that it would permit these entities to evade their legal obligations.

EXHIBIT A PAGE 5

6. The amount in controversy herein, exclusive of interest, attorneys' fees, and costs, exceeds $25,000.00.

7. Within the four (4) years immediately preceding the filing of this Complaint and at all relevant times, Plaintiff was employed by Defendants, and each of them.

### FIRST CAUSE OF ACTION

**(Failure to Pay Wages, Labor Code Sections 204, 210, 510 1194;**

**Plaintiff Against All Defendants)**

8. Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

9. Pursuant to Section 1194 of the California Labor Code, Plaintiff may bring a civil action for overtime wages directly against the employer in their own names without first filing claims with the Division of Labor Standards Enforcement.  Further, such private actions have the support and approval of the Division of Labor Standards Enforcement.

10. Pursuant to Sections 510 and 1194 of the California Labor Code, among other applicable sections, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable Industrial Welfare Commission Wage Orders.  It is likewise unlawful to employ a person and fail to pay him for hours worked.

11. During and throughout the course of Plaintiff's employment, Plaintiff worked hours for which she received no compensation.  Moreover, during and throughout the course of Plaintiff's employment, Plaintiff worked in excess of eight hours in a day.

12. Defendants, and each of them, failed and refused to properly compensate Plaintiff for all hours worked.

13. Under the provisions of California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of California, Plaintiff should have received compensation for all hours worked and overtime wages in a sum according to proof for the hours worked beyond eight in a day / 40 in a week.

EXHIBIT A PAGE 6

14.     Defendants cannot provide accurate records because they have failed and refused to pay Plaintiff the amounts owed and to keep accurate records in violation of Sections 226 and 1174 of the California Labor Code.

15.     Plaintiff requests recovery of compensation according to proof, plus penalties, interest, attorneys' fees and costs pursuant to Sections 218.5, 226, 510, 558, 1194, and 1197.1 of the California Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against Defendants, in a sum as provided by the California Labor Code and other applicable California statutes and regulations.

16.     The pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful, and Plaintiff is entitled to recover in a civil action for the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees and costs of suit according to the mandate of the California Labor Code.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code Section 226.7 – Failure to Provide Meal Periods; Plaintiff Against All Defendants)

17.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

18.     At all times herein mentioned, Plaintiff was a non-exempt employee and subject to the "meal period" provisions of the Labor Code, Wage Orders, and Code of Regulations.  No valid legal or applicable exception to the meal break requirement existed to allow Defendants to avoid providing Plaintiff with regular meal breaks as required by the Labor Code.

19.     Defendants failed to allow Plaintiff to take 30-minute meal periods, uninterrupted, during which he was relieved of all duties, for every five hours worked.  Defendants denied such meal periods and Defendants' agents and management were well aware that meal periods were being denied.

20.     Plaintiff requests relief pursuant to California Labor Code Section 226.7(b) which provides for one hour of additional pay at the employee's regular rate of pay for each work day the meal break is not

EXHIBIT A PAGE 7

provided.  Plaintiff demands all applicable reimbursement and penalties for he lost meal breaks, including an hour of compensation due under the Labor Code.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code Section 226.7 - Failure to Provide Rest Periods; Plaintiff Against All Defendants)

21.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein

22.     At all times herein mentioned, Plaintiff was a non-exempt employee and subject to the "rest period" provisions of the Labor Code, Wage Orders, and Code of Regulations.  No valid legal or applicable exception to the rest period requirement existed to allow Defendants to avoid providing Plaintiff with regular rest period(s) as required by the Labor Code, Wage Orders and/or regulations

23.     Defendants failed to allow Plaintiff to take rest periods during every four-hour period worked, or major fraction thereof.  The law requires that non-exempt employees be allowed a 10-minute break during every four-hour work period, or major fraction thereof.  The prescribed break should be allowed, as close to the middle of the four-hour period as possible, according to the Industrial Welfare Commission Wage Order.  Thus, Plaintiff should have been afforded 10-minute breaks at approximately the two-hour point of each four-hour work period.  Defendants denied him such breaks and Defendants were aware that rest periods were being denied to Plaintiff.  Plaintiff regularly worked four-hour shifts or longer without receiving the required 10-minute breaks pursuant to the Labor Code and the applicable wage order.   Wages are due to Plaintiff to compensate for the "rest periods" that were denied under applicable laws, rules, requirements, and regulations.  In addition, Plaintiff is entitled to recover interest on the unpaid rest period wages due

24.     Plaintiff requests relief pursuant to California Labor Code Section 226.7(b) which provides for one hour of additional pay at the employee's regular rate of pay for each work day the rest period(s) is not provided.

-5-
COMPLAINT

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Properly Itemized Wage Statements in**

**Violation of the California Labor Code; Plaintiff Against All Defendants)**

25. Plaintiff hereby incorporates by this reference each and every preceding paragraph of this as if fully set forth herein.

26. Labor Code Section 226(a) states, in part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission....(5) net wages earned... (8) the name and address of the legal entity that is the employer ... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...."

27. Labor Code Section 226(e)(1) states that, "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

28. Further, Labor Code Section 226.3 states, in part, as follows: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

**EXHIBIT A PAGE 9**

29.     Wage statements provided by Defendants to Plaintiff were not accurate.  The pay stubs that were provided to Plaintiff did not include the overtime wages earned by Plaintiff, the number of hours Plaintiff worked at overtime hourly rates.  The wage statements further failed to accurately reflect the actual hours Plaintiff worked.  Consequently, Defendants' failure to provide accurate pay stubs violated Labor Code Section 226(a).

30.     Defendants knowingly and intentionally failed to comply with Labor Code Section 226(a), as delineated above.  Accordingly, Defendants are liable for damages owed to Plaintiff, as specified in Labor Code Section 226(e)(1) and are additionally responsible for the payment of civil penalties as provided for in Labor Code Section 226.3.

## FIFTH CAUSE OF ACTION

**(Failure to Timely Pay Wages in Violation of California Labor Code Sections 204, 2014;**

**Plaintiff against Defendants)**

31.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this as if fully set forth herein.

32.     Pursuant to Labor Code Section 204(a):  "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

33.     Defendants failed to pay Plaintiff on his pre-determined paydays and/or as required by law, for all labor performed on behalf of Defendants.

34.     Accordingly, Defendants must pay penalties pursuant to Labor Code Section 210 as follows:  for any initial violation, one hundred ($100) for each failure to pay each employee for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

### SIXTH CAUSE OF ACTION

**(Unlawful and Unfair Business Acts and Practices in Violation of California**

**Business & Professions Code Section 17200, et seq.; Plaintiff against Defendants)**

35.     Plaintiff hereby incorporates by reference and re-alleges each and every preceding paragraph of this Complaint as if set forth fully herein.

36.     The acts, omissions, and practices of Defendants as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section17200, et seq. of the California Business & Professions Code.

37.     Defendants have engaged in "unlawful" business acts and practices by their failure to pay compensation properly, their failure to provide required meal and rest periods without premium wages therefore, and by their failure to provide properly itemized wage statements, all in violation of the statutes and regulations referenced herein above.

38.     Plaintiff reserves the right to allege other violations of law that constitute unlawful acts or practices.

39.     Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and provides Defendants with an unfair competitive advantage over those employers that abide by the law, properly pay overtime wages, properly provide required meal and rest periods or wages in lieu thereof; and provide properly itemized wage statements in accordance with the law.

40.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff.   Specifically, Defendants have been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from Plaintiff.

41.     Defendants have not compensated Plaintiff properly and according to California law. Defendants have not provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by them as a result thereof, thereby depriving Plaintiff the minimum working

**EXHIBIT A PAGE 11**

1    conditions and standards due them under California Labor Laws and Industrial Welfare
2    Commission Wage Orders.

3         42.     Pursuant to Section 17203 of the California Business & Professions Code, Plaintiff
4    seeks an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding
5    Plaintiff full restitution of all monies wrongfully acquired by Defendants by means of such
6    "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Section
7    1021.5 of the California Code of Civil Procedure, so as to restore any and all monies to Plaintiff
8    and the general public which were acquired and obtained by means of such "unlawful" and
9    "unfair" conduct, and which ill-gotten gains are still retained by Defendants.  Plaintiff additionally
10   request that such funds be impounded by the Court or that an asset freeze or constructive trust be
11   imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or
12   concealment of such monies by Defendants.  Plaintiff may be irreparably harmed and/or denied
13   an effective and complete remedy if such an order is not granted.

14        43.     Pursuant to Section 17203 of the California Business & Professions Code, Plaintiff
15   seeks an order of this Court for equitable and/or injunctive relief in the form of requiring
16   Defendants to correct its illegal conduct, provide overtime compensation, provide required meal
17   and rest periods or premium wages in lieu thereof, to provide properly itemized wage statements,
18   to keep accurate records of time worked, and to insure the payment of earned wages henceforth.

19                              **SEVENTH CAUSE OF ACTION**

20          **(Labor Code Section 558 Penalties – Failure to Properly Pay Wages;**

21                         **Plaintiff Against All Defendants)**

22        44.     Plaintiff hereby incorporates by reference and re-alleges each and every preceding
23   paragraph of this Complaint as if set forth fully herein.

24        45.     Labor Code Section 558 states that "[a]ny employer or other person acting on
25   behalf of an employer who violates, or causes to be violated, a section of this chapter or any
26   provision regulating hours and days of work in any order of the Industrial Welfare Commission
27   shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50.00)
28   for each underpaid employee for each pay period for which the employee was underpaid in
     addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation,

                                         -9-
                                      COMPLAINT

                                               **EXHIBIT A PAGE 12**

1  one hundred dollars ($100.00) for each underpaid employee for each pay period for which the

2  employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3)

3  Wages recovered pursuant to this section shall be paid to the affected employee." The Section

4  goes on to state that "[t]he civil penalties provided for in this section are in addition to any other

5  civil or criminal penalty provided by law."

6      46.    All Defendants, including the individually named defendants, who violated or

7  caused to be violated Labor Code Sections and Wage Orders requiring payment of wages, the

8  provision of meal and rest periods and payment of associated premiums, are liable to Plaintiff.

9  Accordingly, Plaintiff is entitled to recovery of penalties as described immediately above against

10  all Defendants, including the individually named defendants, named in this Complaint.

**EIGHTH CAUSE OF ACTION**

**(Failure to Timely Pay Earned Wages Upon Separation of Employment in Violation of**

**California Labor Code Sections 202, 203; Plaintiff Against All Defendants)**

15      47.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as

16  though set forth herein.

17      48.    Pursuant to Labor Code Section 201, "If an employer discharges an employee, the

18  wages earned and unpaid at the time of discharge are due and payable immediately."

19      49.    Pursuant to Labor Code Section 202, "If an employee not having a written contract

20  for a definite period quits his or her employment, his or her wages shall become due and payable

21  not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his

22  or her intention to quit, in which case the employee is entitled to his or her wages at the time of

23  quitting."

24      50.    Labor Code Section 203 provides, in pertinent part: "If an employer willfully fails

25  to pay, without abatement or reduction, ... any wages of an employee who is discharged or who

26  quits, the wages of the employee shall continue as a penalty from the due date thereof at the same

27  rate until paid or until an action therefore is commenced; but the wages shall not continue for

28  more than 30 days. ..."

-10-
COMPLAINT

**EXHIBIT A PAGE 13**

51.     As noted above, Defendants did not properly pay Plaintiff pursuant to the requirements of Labor Code Sections 201, 202, 204 and/or 204b and Plaintiff seeks the unpaid wages.

52.     To date, Defendants have not paid Plaintiff, whose employment was terminated, all earned wages as required by law.

53.     In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked.

54.     Plaintiff seeks all waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies in an amount to be proven at trial.

### NINTH CAUSE OF ACTION

**(Failure to Indemnify - Labor Code Section 2802; Against All Defendants)**

55.     Plaintiff hereby incorporates by reference and re-alleges each and every preceding paragraph of this Complaint as if set forth fully herein.

56.     Throughout Plaintiff employment, Defendants failed to indemnify Plaintiff for all necessary expenditures and losses incurred by Plaintiffs in direct consequence of the discharge of their duties.  Pursuant to California Labor Code Section 2802, an employer shall indemnify its' employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties plus attorney fees.

57.     In addition to attorney fees, pursuant to section 2802 (c), Defendants are also required to pay interest which "shall accrue from the date on which the employee incurred the necessary expenditure or loss".

### TENTH CAUSE OF ACTION

**Retaliation and Wrongful Termination in Violation of Labor Code**

**§§1102.5, 6310**

**(Cal. Lab. Code §§ 1102.5, 6310; Against all**

**Defendants)**

-11-
COMPLAINT

58.     Plaintiff incorporate by reference and reallege the above paragraphs as though set forth fully herein.

59.     At all relevant times, Labor Code sections 1102.5 and 6310 were in effect and were binding on Defendants.  This statute prohibits Defendants from retaliating against any employee, including Plaintiff, for raising complaints of illegality. Plaintiff raised complaints of illegality pertaining to interrupted and missed breaks and for reporting health & safety concerns regarding Plaintiff's proximity to the toxic chemical Roundup by Monsanto. Retaliation for lawful activity is illegal and against the public policy of the State of California, including but not limited to the provisions of the Cal. Labor Code and the Constitution of the State of California.

60.     Plaintiff was retaliated against and terminated for reporting health & safety concerns in violation of Cal. Labor Code §§ 1102.5 and 6310 for reporting suspected unlawful conduct.

61.     In engaging in the conduct set forth above, Defendants illegally terminated Plaintiff's employment.

62.     As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

63.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff's claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

64.     As a further direct and proximate result of Defendants' retaliatory and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered special damages that

**EXHIBIT A PAGE 15**

include, without limitation, the loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' retaliatory actions as alleged herein. Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as, including without limitation, experience in the position they held and advancement opportunities.

65.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff damage in an amount to be proven at time of trial.

66.     The aforementioned acts were carried out by Defendants in a malicious, willful and oppressive manner with the intent to injure and damage Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Cal. Civil Code § 3294. Defendants' decision to terminate Plaintiff in violation of public policy was done with intent to injure Plaintiff and with the intent to prevent the exercise of their statutory rights and obligations. Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above or had actual knowledge that the above-alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights and safety of Plaintiff.

67.     As a proximate result of Defendants' willful, knowing, and intentional violations of Labor Code sections 1102.5 and 6310, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

68.     As a result of Defendants' adverse employment actions against Plaintiff, Plaintiff have suffered general and special damages in sums according to proof.

69.     Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and oppressive manner, entitling Plaintiff to punitive damages against Defendants.

EXHIBIT A PAGE 16

70.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## PRAYER

WHEREFORE, Plaintiff requests of this Court the following relief.

1.     General damages according to proof;

2.     Compensatory damages according to proof;

3.     Liquidated damages according to proof,

4.     Prejudgment and post judgment interest as provided by statute;

5.     Statutory penalties as provided in Labor Code Sections and any other applicable authority;

6.     Damages according to proof, as set forth in California Labor Code Sections, including, but not limited to, 203, 226.7, 510,1102.5, 1194, and 1197 (and the applicable California Wage Orders) regarding wages due and owing;

7.     Attorneys' fees, expenses, and costs of this action pursuant to statute;

8.     Equitable relief pursuant to Business & Professions Code Section 17200;

9.     Damages according to proof, as set forth in California Labor Code Sections 226.7, 510 (and the applicable California Wage Orders) regarding wages due and owing;

10.     Attorneys' fees, expenses, and costs of this action pursuant to statute including, but not limited to, Labor Code Sections 218.5,1102.5 and 1194;

11.     An injunction pursuant to Labor Code Section 1198.5;

12.     Exemplary damages according to proof; and;

13.     Such further relief as this Court deems necessary, just, and proper.

DATED:   July 9, 2021                          The Pendergast Law Firm, PC

Rory K. Pendergast

-14-
COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Rory K. Pendergast (SBN 266765) The Pendergast Law Firm, PC 3019 Polk Avenue San Diego, CA 92104 | |

TELEPHONE NO.: 619-344-8699    FAX NO. *(Optional)*: 619.344.8701

ATTORNEY FOR *(Name)*: Ernesto Ventura, an individual

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street
MAILING ADDRESS: 801 10th Street
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME:

**Electronically Filed**
7/9/2021 4:38 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

CASE NAME:
Ventura v Semios USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder | CV-21-003592 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  July 9, 2021

Rory K. Pendergast
_____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**EXHIBIT A PAGE 18**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [Print this form]   [Save this form]   [Clear this form]

**EXHIBIT A PAGE 19**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| COURT GENERATED<br><br>Attorney for: | **FILED**<br>**JUL 09 2021**<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY ~~Carly Bonzi~~ DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS<br>Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA 95354 | |
| Plaintiff/Petitioner: _Venturex_<br>Defendant/Respondent: _SemiOS USA INC_ | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>CV-21-3592 |

1.   NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: _11-15-21_   Time: _8:30_   AM/PM

This case is assigned to Judge **SONNY S. SANDHU** Dept. _24_, for all purposes, including trial.

\*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
\*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.   You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar days before the case management conference.

3.   You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.   At the case management conference the Court may make pretrial orders, including the following:

    a.  An order establishing a discovery schedule.
    b.  An order referring the case to arbitration.
    c.  An order dismissing fictitious defendants.
    d.  An order scheduling exchange of expert witness information.
    e.  An order setting subsequent conferences and the trial date.
    f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:   **JUL 09 2021**      by _Carly Bonzi_                                   Deputy Clerk
                                                                                                     **CARLY BONZI**
Mandatory Form

| |
|---|
| **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |

CV003                                                                                                                          11/10

**EXHIBIT A PAGE 20**

Rule 3.110 of the California Rules of Court.
Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application]  This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

**EXHIBIT A PAGE 21**

# EXHIBIT B

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Rory Pendergast, 266765<br>The Pendergast Law Firm, PC<br>555 West Beech Street, Suite 510<br>San Diego, CA 92101<br>**TELEPHONE NO.:** (619) 344-8699<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br>Electronically Filed<br>9/9/2021 11:13 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Angela Mesa, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, Stanislaus County
801 10th Street, 4th Floor
Modesto, CA 95354

| | |
|---|---|
| PLAINTIFF/PETITIONER: ERNESTO VENTURA, an individual<br><br>DEFENDANT/RESPONDENT: SEMIOS USA, INC., et al. | CASE NUMBER:<br>CV-21-003592 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>21046 - Ventura |

# BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet

3. a. Party served:  SEMIOS USA, INC., a Washington corporation registered to do business in California

   b. Person Served: Registered Agent Inc - Jason Kane - Person Authorized to Accept Service of Process

4. Address where the party was served:  1401 21st St, Suite R
   Sacramento, CA 95811
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 08/27/2021          (2) at  (time): 3:34PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   SEMIOS USA, INC., a Washington corporation registered to do business in California
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:   Brandon Lee Ortiz
   b. Address:   One Legal - P-000618-Sonoma
                1400 North McDowell Blvd, Ste 300
                Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 80.00
   e I am:
       (3)  registered California process server.
            (i)  Employee or independent contractor.
            (ii)  Registration No.: 2012-37
            (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  08/30/2021



Brandon Lee Ortiz
_____          _____
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

**EXHIBIT B PAGE 23**
OL# 16022082

# EXHIBIT C

**EXHIBIT C PAGE 24**

GABRIELLE M. WIRTH (SBN 106492)
wirth.gabrielle@dorsey.com
MELONIE S. JORDAN (SBN 331602)
jordan.melonie@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Defendant.
SEMIOS USA, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF STANISLAUS

| | |
|---|---|
| ERNESTO VENTURA, an individual | CASE NO:  **CV-21-003592** |
| Plaintiff, | Assigned for all purposes to: <br> Hon. Sonny S. Sandhu <br> Dept. 24 |
| vs. | |
| SEMIOS USA, INC., a Washington corporation registered to do business in California; and DOES 1 – 10, inclusive, | **DEFENDANT SEMIOS USA INC.'S ANSWER TO PLAINTIFF ERNESTO VENTURA'S COMPLAINT** |
| Defendants. | Action Filed:      July 9, 2021 <br> Trial Date:        None Set |

**TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Semios USA Inc. ("Defendant") by and through its undersigned counsel, hereby answers the unverified Complaint ("Complaint") filed by Plaintiff Ernesto Ventura ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Civil Procedure Code, Defendant denies, generally and specifically, each and every material allegation set forth in the Complaint. Defendant further denies, generally and specifically, that Plaintiff, has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant. Defendant also denies that Plaintiff is entitled to recover any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant also asserts the following defenses, without admitting any obligation regarding who bears the burden of proof or persuasion as to any one of them:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2.      The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by all applicable statutes of limitations, including, but not limited to, California Civil Procedure Code Section 338, 340 and 343.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff has failed to timely exhaust his administrative remedies and prerequisites before filing suit.

**EXHIBIT C PAGE 26**

## FOURTH AFFIRMATIVE DEFENSE

### (Knowing and Intentional)

4.      Plaintiff's claim under California Labor Code section 226 is barred because Defendant's actions with respect thereto were not knowing and intentional within the meaning of the California Labor Code.

## FIFTH AFFIRMATIVE DEFENSE

### (No Compensable Work)

5.      Some or all of certain hours and minutes claimed by Plaintiff are not "hours worked" within the meaning of any applicable California or federal law, so that minimum wages and/or overtime compensation need not be paid for those minutes or hours.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.      The Complaint is barred, in whole or in part, by the doctrine of unclean hands as a result of Plaintiff's conduct, representations, and/or omissions and violation of company policies including, but not limited to, his alleged failure to follow Company policies and accurately report all hours worked.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.      The Complaint is barred, in whole or in part, by the doctrine of waiver as a result of Plaintiff's conduct, representations, and/or omissions including, but not limited to, his alleged failure to follow Company policies and accurately report all hours worked.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.      The Complaint is barred, in whole or in part, by the doctrine of estoppel as a result of Plaintiff's conduct, representations, and/or omissions including, but not limited to, his alleged failure to follow Company policies and accurately report all hours worked.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      The Complaint is barred, in whole or in part, by the doctrine of laches as a result of

2

EXHIBIT C PAGE 27

Plaintiff's conduct, representations, and/or omissions including, but not limited to, his alleged failure to follow Company policies and accurately report all hours worked.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

10.     If any damages have been sustained by Plaintiff, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)

11.     Plaintiff is not entitled to recover any penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWELFTH AFFIRMATIVE DEFENSE

### (Action Unconstitutional – Penalties)

12.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of penalties against Defendant is unconstitutional under numerous provisions of the United States and California Constitutions, including, but not limited to, the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth and Fourteenth Amendments, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Right to Equal Protection and Separation of Powers Doctrine)

13.     An award of penalties against Defendant would be an unconstitutional denial of Defendant's rights to equal protection under both the United States and California Constitutions.  In addition, an award of penalties against Defendant would be an unconstitutional violation of the separation of powers doctrine under the California Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Timely Final Wages)

14.     Plaintiff's claims based on a purported violation of California Labor Code Sections 201, 202, and 203 are barred because Defendant had a good faith and reasonable belief that Plaintiff and any similarly situated or purportedly aggrieved individuals were not owed any additional wages and/or compensation.

## FIFTEENTH-FIRST AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

15.     The doctrine of after acquired evidence bars Plaintiff's claims or, at a minimum, limits and reduces his alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Proper Compensation)

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff was properly compensated under the Fair Labor Standards Act (FLSA), the California Labor Code, and/or the California Industrial Welfare Commission Wage Orders.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prior Action Pending)

17.     Plaintiff claims are barred by the doctrine of prior action pending and or settlement as they have been settled in a previously filed lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of his Complaint on file herein and that the Complaint be dismissed in its entirety with prejudice;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

3.     That Defendant be awarded its reasonable costs of suit incurred herein;

4.     That Defendant be awarded its attorney's fees incurred by this action pursuant to applicable law; and

EXHIBIT C PAGE 29

5.         That the Court award Defendant such other and further relief as the Court deems just, proper, and equitable.

DATED:  September 24, 2021                 DORSEY & WHITNEY LLP

By _____

            Gabrielle M. Wirth
            Melonie S. Jordan
            Attorneys for Defendant
            Semios USA Inc.

1   GABRIELLE M. WIRTH (SBN 106492)
    wirth.gabrielle@dorsey.com
2   MELONIE S. JORDAN (SBN 331602)
    jordan.melonie@dorsey.com
3   DORSEY & WHITNEY LLP
    600 Anton Boulevard, Suite 2000
4   Costa Mesa, CA 92626
    Telephone:  (714) 800-1400
5   Facsimile:  (714) 800-1499

6   Attorneys for Defendant.
    SEMIOS USA, INC.
7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                           **COUNTY OF STANISLAUS**

10

11  ERNESTO VENTURA, an individual          CASE NO:  **CV-21-003592**

12                 Plaintiff,               Assigned for all purposes to:
                                            Hon. Sonny S. Sandhu
13                                          Dept. 24

14        vs.

15

16  SEMIOS USA, INC., a Washington corporation   **PROOF OF SERVICE OF DEFENDANT**
    registered to do business in California; and  **SEMIOS USA INC.'S ANSWER TO PLAINTIFF**
17  DOES 1 – 10, inclusive,                 **ERNESTO VENTURA'S COMPLAINT**

18                 Defendants.

19                                          Action Filed:     July 9, 2021
                                            Trial Date:       None Set
20

21

22

23

24

25

26

27

28

PROOF OF SERVICE OF ANSWER TO COMPLAINT **EXHIBIT C PAGE 31**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

     I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626.  On September 24, 2021, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**       **DEFENDANT SEMIOS USA INC.'S ANSWER TO PLAINTIFF ERNESTO VENTURA'S COMPLAINT**

**SERVED UPON:**          Rory K. Pendergast
The Pendergast Law Firm, PC
3019 Polk Avenue
San Diego, CA 92104
Telephone: (619) 344-8699
Facsimile: (619) 344-8701
rory@rorylaw.com

                          Ross I. Quient
The Law Offices of Ross Quient
19528 Ventura Boulevard, Suite 791
Tarzana, CA 91356
Telephone (949) 338-8869
rquientesq@gmail.com

                          *Attorneys for Plaintiff*
*Ernesto Ventura*

☒     **(VIA MAIL)**  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California.  I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒     **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 24, 2021, at Costa Mesa, California.

_____
Kim Massure-Rayson

**EXHIBIT C PAGE 32**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On September 27, 2021, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:     **APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS**

SERVED UPON:     Rory K. Pendergast
The Pendergast Law Firm, PC
3019 Polk Avenue
San Diego, CA 92104
Telephone: (619) 344-8699
Facsimile: (619) 344-8701
rory@rorylaw.com

Ross I. Quient
The Law Offices of Ross Quient
19528 Ventura Boulevard, Suite 791
Tarzana, CA 91356
Telephone (949) 338-8869
rquientesq@gmail.com

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by **LS Attorney Services LLC** to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on September 27, 2021, at Costa Mesa, California.

_____
Kim Massure-Rayson

4842-2213-5802\